RISK *v.* HEHL.

1. WAIVER—CONTRACTS—BREACH—RECOGNITION OF CONTRACT OBLIGATION AFTER BREACH.

In a suit for an accounting and for a decree for the amount found to be due plaintiff under a contract whereby he and P. undertook to sell lots for defendant on commission, the court below properly held that, where defendant, after notifying plaintiff and P. that they had breached the contract and he should retain all sums due them as liquidated damages, as provided in the contract, recognized his obligation under the contract to the extent of settling with P., who undertook to give a receipt in full of all claims for himself , and plaintiff, defendant waived his right to rely on said breach.

2. PARTNERSHIP—RECEIPT SIGNED BY ONE NOT BINDING ON ANOTHER IN ABSENCE OF PARTNERSHIP.

Where the record does not disclose that the relation of partnership existed between plaintiff and P., a receipt signed by P. for moneys due them under a contract would not discharge defendant's obligation to plaintiff.

Appeal from Wayne; Lamb (Fred S.), J., presiding.     Submitted June 24, 1921.     (Docket No. 60.) Decided July 19, 1921.

Bill by Jones L. Risk against John P. Hehl for an accounting.     From a decree for plaintiff, defendant appeals.     Affirmed.

*Daniel R. Foley,* for plaintiff.

*Edmund E. Shepherd* and *Charles E. George,* for defendant.

WIEST, J.     Claiming commissions to be due him on sales of lots made for defendant, plaintiff filed the

bill herein to have discovery made of the amount due and a decree in his favor for the same.    It appears that plaintiff and one George W. Palmer entered into a contract with defendant under which they became his sales agents to assist him in selling lots, agreeing therein not to devote any time or attention to any other business, and if they should do so they were to pay defendant, as liquidated damages for such breach, a sum of money equivalent to the amount of commissions due and to become due to them under the contract.    Defendant agreed to pay plaintiff and Palmer 9 per cent. of the price at which they sold lots in case they furnished automobile service to a purchaser and 7 per cent. in case he furnished such service. Commissions were to be paid as follows:

"Five per cent. to be payable when ten per cent. of the principal of the purchase price of the lot or lots sold has been paid by the purchaser and an additional two per cent. when fourteen per cent. of the principal of the purchase price shall have been paid."

In the event of a purchaser forfeiting his contract before 16 per cent. of the purchase price had been paid then they were to receive in full for services in such matter one-half the amount paid.

Plaintiff and Palmer made sales and received some commissions but in a short time they felt that they had reason to treat the contract as at an end on account of the attitude of the defendant, and they engaged their services elsewhere.    Learning of such engagement defendant gave them notice that they had broken the contract and he should retain all sums due and to become due as his damages as provided in the contract.    After such notice Mr. Palmer's relations with defendant became friendly again and defendant paid him certain amounts due as commissions under the contract that defendant claimed had been breached, and at the time of the last payment defend-

ant took a receipt from Mr. Palmer alone in full satisfaction of all claims of both plaintiff and Palmer under the contract.

Mr. Palmer was made a defendant but died during suit. The executrix of his estate appeared but seems to have had no interest in the result of the suit.

The parties stipulated:

"That a total of $2,184.65 would be the amount due and owing from defendant Hehl upon the contract involved in this suit if the same be found binding upon him, * * * that if plaintiff Risk be found entitled to his proportionate share of said total, less advancements made to him in pursuance of said contract, that said share, less such advancements, would be in the sum of $662.25."

The question of whether plaintiff and Palmer or the defendant breached the contract was tried out, but it appearing to the circuit judge that defendant in making settlement of his contract liability with Palmer, after claiming all sums due under the contract as his liquidated damages from plaintiff and Palmer, recognized his obligation under the contract to pay the commissions and waived any and all such damages, and that he should pay plaintiff the sum of $662.25, and a decree to that effect was entered.

Defendant, not relying upon his claim that plaintiff and Palmer had breached the contract, paid sums of money to Palmer upon his contract obligation and took a receipt from Palmer in satisfaction of the sums payable to plaintiff and Palmer under the contract, and he must now stand upon such settlement, and the sufficiency thereof, and cannot take the position that if such settlement did not satisfy the demand of plaintiff he may revive his claim for liquidated damages.

The settlement with Palmer was wholly inconsistent with the claim for stipulated damages for a breach of the contract. Such recognition by defendant, with

full knowledge of the facts of the rights of plaintiff and Palmer under the contract determined the legal rights of the parties once for all, and constituted a waiver of right to stipulated damages, or any damages claimed for a breach of the contract.

Did the settlement with Palmer satisfy all claims under the contract? Defendant contends that plaintiff and Palmer were copartners and the settlement with Palmer was, therefore, valid and a bar to plaintiff's claim herein. A reading of the record does not disclose any copartnership existing between plaintiff and Palmer. The contract mentioned no such relation, and was signed, Jones L. Risk, George W. Palmer. Defendant was given notice of plaintiff's claim of right to commissions due under the contract and also knew that plaintiff and Palmer were no longer working together. Defendant has not settled with plaintiff nor with one capable in law, or in fact, of discharging defendant's liability to plaintiff. Whether the liquidated damages stipulated in the contract could have been legally enforced by defendant or not is of no moment for the reason that he did not withhold such damages when he had them in his hands and waived any possible right to do so by undertaking to satisfy his liability under the contract and obtain immunity from one who could not absolve him from liability to plaintiff. We fully agree with the determination made by the learned circuit judge.

The decree below is affirmed, with costs to plaintiff.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.